UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STACIA SCOTT,

    Plaintiff,
v.                                    Case No. 8:09-cv-986-T-33TBM

LANCE AVIATION, INC., ADVANCED
COMPOSITE STRUCTURES, INC.,
ROTORCRAFT, INC., MD
HELICOPTERS, INC., MICHAEL
BRUCE VORCE, and ALVIN MOODY
HOWARD,

    Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to Defendant Advanced Composite Structures, Inc.'s ("Advanced Composite") motion to dismiss for lack of personal jurisdiction (Doc. # 66) filed on April 14, 2010. On July 15, 2010, Plaintiff Stacia Scott filed her response in opposition to the motion to dismiss. (Doc. # 81). Upon due consideration, the Court grants the motion to dismiss.

**I.   Background**

On May 28, 2009, Ms. Scott filed her original complaint individually and as the administrator of the Estate of John A. Scott, deceased. (Doc. # 2). The complaint was removed to this Court on the same day. (Doc. # 1). Advanced Composite

1

filed a motion to dismiss for lack of personal jurisdiction on July 23, 2009. (Doc. # 23). The Court orally granted the motion to dismiss without prejudice on March 8, 2010; giving Ms. Scott ten days to file an amended complaint. (Docs. ## 46, 48). Ms. Scott filed her amended complaint on March 18, 2010. (Doc. # 49).

In the amended complaint, Ms. Scott again filed both individually and as the administrator of the Estate of John A. Scott, deceased. (Doc. # 49). Ms. Scott asserted that on May 13, 2007, her husband, John A. Scott, was piloting a Hughes 369A helicopter when the main rotor blades separated in flight, causing the helicopter to crash near Moulton, Alabama; ultimately causing Mr. Scott's death. (Doc. #49).

Ms. Scott alleged that Advanced Composite, a foreign corporation organized and existing under the laws of Canada, supplied, sold, and delivered one of the four main rotor blades to Defendant Lance Aviation, Inc., in Lakeland, Florida. (Doc. # 49). Next, she alleged, the rotor blade was sent to Defendant Rotorcraft, Inc. where it was balanced with the other three blades. (Doc. # 49). Finally, Ms. Scott alleged that the rotor blade was returned to Lance, where it was installed on the helicopter. (Doc. # 49).

The amended complaint contains nine counts; three of

which are asserted against Advanced Composite: (1) one for negligence; (2) one for strict product liability based on defective and unreasonably dangerous condition; and (3) one for strict liability based on failure to warn. (Doc. # 49). Advanced Composite did not file an answer to the amended complaint. Instead, it filed the instant motion to dismiss and contends that this Court lacks personal jurisdiction over it. (Doc. # 66). Advanced Composite seeks to be dismissed from this case with prejudice. (Doc. # 66).

## II. **Legal standard**

A court must dismiss an action against a defendant over which it has no personal jurisdiction. Smith v. Trans-Siberian Orchestra, 689 F. Supp. 2d 1310, 1312 (M.D. Fla. 2010) (citing Posner v. Essex Ins. Co., Ltd., 178 F.3d 1209, 1214 n. 6 (11th Cir. 1999)). On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing, by a preponderance of the evidence, that the court has jurisdiction over the defendant. Id.

Whether the court has personal jurisdiction over a defendant is governed by a two-part analysis. Id. First, the court must determine whether the plaintiff has alleged facts sufficient to subject the defendant to Florida's long-arm statute. Id. (citing Future Tech. Today, Inc. v. OSF

3

Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000); Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 626 (11th Cir. 1996)).

Next, after the court has determined that the long-arm statute is satisfied, the court must determine whether the exercise of jurisdiction over the defendant comports with the Constitution's requirements of due process and traditional notions of fair play and substantial justice. Id. (citing Sculptchair, Inc., 94 F.3d at 626 (quoting Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945)). Here, the Court determines that Florida's long-arm statute has not been satisfied. Therefore, an analysis of due process and traditional notions of fair play and substantial justice is not required.

### A.  Burden-Shifting

Ms. Scott alleges in her amended complaint that this Court has specific jurisdiction over Advanced Composite pursuant to Florida Statute Sections 48.193(1)(a)(engaging in a business venture in Florida) and 48.193(1)(f)(1 & 2)(causing injury to persons or property in Florida arising out of an act or omission by the defendant outside of Florida where the defendant was engaged in solicitation or services activities in Florida, or where things processed, serviced, or manufactured by the defendant anywhere were used or consumed

4

within Florida in the ordinary course of commerce, trade, or use). (Doc. # 49). Advanced Composite, on the other hand, contends that this Court lacks personal jurisdiction over it; supporting that contention with an affidavit challenging personal jurisdiction. (Doc. # 66-1). Accordingly, a specific burden-shifting scheme applies in this case. As stated in Walt Disney Co. v. Nelson, 677 So. 2d 400 (Fla. 5th DCA 1996):

> The burden of demonstrating the applicability of § 48.193 may initially be met by pleading facts within a jurisdictional basis contained in the statute. If the plaintiff has pled a prima facie case for jurisdiction, a simple motion to dismiss for lack of jurisdiction must fail, as a motion to dismiss, without more, challenges only the facial sufficiency of the jurisdictional pleading. If, however, the defendant supplements the motion with an affidavit contesting jurisdiction, then the burden returns to the plaintiff who must, by affidavit or other sworn statement, prove a sufficient jurisdictional basis.

Id. at 402-03 (internal citations omitted); see also Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000)(quoting Prentice v. Prentice Colour, Inc., 779 F. Supp. 578, 583 (M.D. Fla. 1991).[1]

---

[1] Prentice held that, after a plaintiff alleges sufficient facts supporting the exercise of personal jurisdiction under a long-arm statute, "the burden shifts to the defendant to make a prima facie showing of the inapplicability of the statute. If the defendant sustains this burden, the plaintiff is required to substantiate the jurisdictional allegations in

5

In the amended complaint, Ms. Scott established a prima facie case for personal jurisdiction over Advanced Composite. (Doc. # 49).  Next, through its affidavit, Advanced Composite rebutted Ms. Scott's jurisdictional allegations. (Doc. # 66-1).  In turn, Ms. Scott filed a response in opposition and attached proof of business transactions.  (Docs. ## 81, 81-1, 81-2).  Advanced Composite's affidavit and Ms. Scott's response in opposition are discussed below.

**B.   Advanced Composite President's Affidavit**

Mr. James Anning, President of Advanced Composite, states in his affidavit that Advanced Composite is a corporation organized and existing under the laws of the Province of Manitoba, Canada, with its only place of business in Manitoba, Canada.  (Doc. # 66-1 at ¶¶ 3-4).  He asserts that Advanced Composite has never had an office, employee, or an agent in Florida, nor has Advanced Composite ever owned any real, personal, or intangible property or maintained a bank account in Florida.  (Doc. # 66-1 at ¶¶ 5-6).  As to sales, Mr. Anning asserts that Advanced Composite makes "only isolated sales" to persons or entities in Florida; listing only 10 sales to

---

the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint." 779 F. Supp. at 583.

persons or entities in Florida between fiscal year 2005 and fiscal year 2009. (Doc. # 66-1 at ¶¶ 8-9). To illustrate how few of Advanced Composite's total sales were made to persons or entities in Florida, Mr. Anning provided a chart which listed the percentage of Advanced Composite's total sales which were attributable to persons or entities in Florida: (1) 0.932% of the total sales for fiscal year 2009; (2) 1.8% of the total sales for fiscal year 2008; (3) 0.201% of the total sales for fiscal year 2007; (3) 1.629% of the total sales for fiscal year 2006; and (4) 0.084% of the total sales for fiscal year 2005. (Doc. # 66-1 at ¶ 9). In short, Mr. Anning explained that Advanced Composite "has no regular or routine sales to persons or entities within the State of Florida." (Doc. # 66-1 at ¶ 7).

As to the 2007 sale of the rotor blade at issue, Mr. Anning's affidavit admits that Advanced Composite sold the rotor blade to Lance. (Doc. # 66-1 at ¶ 10). However, Mr. Anning asserts that the sale was completed in Canada, and thereafter, Lance hired transport company Tri-Ad International/Quik X Transport ("Tri-Ad Transport") to pick up the blade in Canada. Id. From there, Mr. Anning asserts that Tri-Ad Transport shipped the blade to Arkansas. (Doc. # 66-1 at ¶ 11).

### C. Ms. Scott's Response in Opposition

Ms. Scott filed a response in opposition to Advanced Composite's Motion to Dismiss. (Doc. # 81). Therein, Ms. Scott contends that Advanced Composite has conducted "regular business for its pecuniary benefit in the State of Florida" and in support thereof, attaches documents evidencing twenty-seven business transactions between Advanced Composite and Florida entities, totaling $60,918.61 in sales between fiscal year 2005 and fiscal year 2009. (Docs. ## 81 at 2, 81-1, 81-2). Ms. Scott did not dispute Advanced Composite's assertion that these sales accounted for less than 2% of its annual sales each year since 2005. See id.

### D. Analysis

On a motion to dismiss for lack of jurisdiction, a defendant must state sworn facts, which, "if taken as true, show that the defendant's conduct does not make him or her amenable to service." Acquadro v. Bergeron, 851 So. 2d 665, 672 (Fla. 2003). Mr. Anning's affidavit as President of Advanced Composite met this test and shifted the burden back to Ms. Scott to "substantiate the jurisdictional allegations in the complaint by affidavits, or other competent proof." Polskie Linie Oceaniczne v. Seasafe Transp. A/S, 795 F.2d 968, 972 (11th Cir. 1986). Ms. Scott handled that burden by

8

submitting her response in opposition and the attached documents evidencing business transactions between Advanced Composite and entities in Florida between fiscal year 2005 and fiscal year 2009. (Docs. ## 81, 81-1, 81-2).

Where, as here, the plaintiff's complaint and supporting evidence conflict with the defendant's affidavit, the Court is bound to construe all reasonable inferences in favor of the plaintiff. Meier ex rel. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002). Further, to the extent that the defendant's affidavit does not contradict the plaintiff's pleadings, the Court must accept the allegations in the complaint as true for purposes of resolving jurisdictional issues. Posner v. Essex Ins. Co., Ltd., 178 F.3d 1209, 1215 (11th Cir. 1999); Palm Beach Grading, Inc. v. Picerne Constr./FBG, L.L.C., Case No. 09-80182-CIV, 2009 WL 3010478 at *1 (S.D. Fla. Sept. 16, 2009). As such, this analysis will assume that Advanced Composite entered into twenty-seven business transactions in Florida between fiscal year 2005, and fiscal year 2009, amounting to a total profit of $60,918.61. (Doc. # 81 at 2).

In her amended complaint, Ms. Scott cites to Florida Statute Section 48.193(1)(a) and (1)(f) as the bases for the Court's exercise of personal jurisdiction over Advanced

9

Composite. (Doc. # 49). The Court will examine these sections in turn below.

### 1. Florida Statute Section 48.193(1)(a)

"Because the reach of the Florida long-arm statute is a question of Florida state law, federal courts are required to construe it as would the Florida Supreme Court." Oriental Imports & Exports, Inc. v. Maduro & Curiel's Bank, N.V., 701 F.2d 889, 890-91 (11th Cir. 1983) (citing Moore v. Lindsey, 662 F.2d 354, 357-58 (5th Cir. 1981)). Florida law allows long-arm jurisdiction, pursuant to Florida Statute Section 48.193(1)(a), where an entity is "engaging in . . . a business or business venture in this state" and the cause of action arises out of that business venture. Fla. Stat. § 48.193(1)(a).

Ms. Scott asserts that the Court has specific jurisdiction over Advanced Composite pursuant to this provision. (Docs. ## 49, 81). Ms. Scott's documents indicate that twenty-seven business transactions occurred between Advanced Composite and entities in Florida between fiscal year 2005, and fiscal year 2009. (Doc. # 81-1, 81-2). That is the extent of Advanced Composite's alleged business in Florida. See id. It is unconverted that Advanced Composite does not have an office, employee, or an agent in Florida, nor has

10

Advanced Composite ever owned any real, personal, or intangible property or maintained a bank account in Florida. (See Docs. ## 49, 81). Further, it is unconverted that the listed transactions accounted for less than 2% of Advanced Composite's annual sales each year since 2005. See id.

In order to constitute doing business under Section 48.193(1)(a), the nonresident defendant's activities must be considered collectively and show a general course of business activity in the state for pecuniary benefits. Foster, Pepper & Riviera v. Hansard, 611 So. 2d 581, 582 (Fla. 1st DCA 1992) (citing Dinsmore v. Martin Blumenthal Assocs., Inc., 314 So. 2d 561, 564 (Fla. 1975)). In determining whether Advanced Composite is engaging in a business in Florida, relevant factors "include the presence and operation of an office in Florida, the possession and maintenance of a license to do business in Florida, the number of Florida clients served, and the percentage of overall revenue gleaned from Florida clients." Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A., 421 F.3d 1162, 1167 (11th Cir. 2005) (internal citations omitted).

Reading both Ms. Scott's documents and Mr. Anning's affidavit together, it is uncontradicted that Advanced Composite corresponded with Lance, a Florida-based entity, and

11

completed the sale of a rotor blade in 2007. (Docs. ## 49, 66-1, 81). It is also unconverted that Advanced Composite has gleaned less than 2% of its annual revenue from Florida-based entities each year since 2005. (Docs. ## 49, 66-1, 81). Advanced Composite engaged in no other business activity in this state. See id.

On these facts, this Court cannot conclude that Advanced Composite has engaged in a general course of business activity in the state for pecuniary benefit. Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A., 421 F.3d 1162, 1167 (11th Cir. 2005)(declining to exercise specific personal jurisdiction where defendant derived less than 5% of its revenues from matters connected to Florida); Milberg Factors, Inc. v. Greenbaum, 585 So. 2d 1089, 1091 (Fla. 3d DCA 1991) (same, where defendant derived less than 2% of its revenues from matters connected to Florida); see Snow v. DirecTV, Inc., 450 F.3d 1314, 1319 (11th Cir. 2006)(declining to exercise general personal jurisdiction where the defendant derived less than 1% of its revenues from matters connected to Florida).

In Florida, long arm statutes are strictly construed, see, e.g., Bank of Wessington v. Winters Gov't Sec. Corp., 361 So. 2d 757, 759 (Fla. 4th DCA 1978), and the language of the statute cannot be read broadly enough to characterize Advanced

Composite's isolated and minimally revenue-producing sales as the carrying on of a business venture in this state. See Dinsmore v. Martin Blumenthal Assocs., Inc., 314 So. 2d 561 (Fla. 1975); Oriental Imports and Exports, Inc. v. Maduro & Curiel's Bank, N.V., 701 F.2d 889 (11th Cir. 1983). The Court concludes that Advanced Composite was not engaged in a business venture in Florida such that it would support the exercise of personal jurisdiction under § 48.193(1)(a).

### 2. Florida Statute Section 48.193(1)(f)

Florida Statutes section 48.193(1)(f) provides that the court may exercise personal jurisdiction over a nonresident who causes an "injury to [a] person[] or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury ... [t]he defendant was engaged in solicitation or service activities within this state; or . . . [p]roducts, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use." Fla. Stat. § 48.193(1)(f)(emphasis added). Here by Ms. Scott's own account, the injuries at issue, the untimely death of Mr. Scott and the destruction of the helicopter, occurred in Alabama. (Doc. # 49 at 8). As such, there was no injury "within [the] state" of Florida. Snow v. DirecTV, 450 F.3d

13

1314, 1318 (11th Cir. 2006) (citing <u>Aetna Life & Cas. Co. v. Therm-O-Disc, Inc.</u>, 511 So. 2d 992, 994 (Fla. 1987)). In fact, Ms. Scott does not even address this section of the long-arm statute in her Response in Opposition. (Doc. # 81). Because Ms. Scott does not allege that any injuries were sustained in Florida, Advanced Composite cannot be reached under § 48.193(1)(f). (<u>See</u> Docs. ## 49, 81).

### 3. **Due Process Clause**

Moreover, the Court doubts that Advanced Composite's contacts with the state of Florida would meet the due process threshold required to sustain a finding of in personam jurisdiction. <u>See</u> <u>Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., Solano Cnty.</u>, 480 U.S. 102 (1987); <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462 (1985); <u>Int'l Shoe v. Washington</u>, 326 U.S. 310 (1945); <u>see</u> <u>also</u> <u>Venetian Salami Co. v. Parthenais</u>, 554 So. 2d 499 (Fla. 1989). The Court need not decide this constitutional issue, however, because Ms. Scott was unable to prove that the long-arm statute was satisfied. As such, the Court declines to engage in a due process analysis.[2]

---

[2] In addition, this Court declines to hold an evidentiary hearing or oral argument. Neither party requested an evidentiary hearing or oral argument, nor does the Court find one necessary to render an opinion because the minor facts in dispute are not essential to the Court's jurisdictional determination. See <u>Venetian Salami Co. v. Parthenais</u>, 554 So.

14

**III. CONCLUSION**

Ms. Scott has failed to prove facts sufficient to support her claim that Florida's long-arm statute applies to Advanced Composite's actions in this case. Because the exercise of personal jurisdiction is proper in this case only if the long-arm statute applies, Advanced Composite's motion to dismiss is granted.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Advanced Composite Structures, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (Doc. # 66) is **GRANTED**.

(2) Defendant Advanced Composite Structures, Inc. is dismissed from this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>5th</u> day of August, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

---

2d 499, 503 (Fla. 1989).