UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STACIA SCOTT, individually and
as Administrator of the Estate of
John A. Scott, deceased,

       Plaintiff,
v.                          Case No.: 8:09-cv-986-T-33TBM

MD HELICOPTERS, INC.,

       Defendant,
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant MD Helicopters Inc.'s Motion for Summary Judgment (Doc. # 118), filed on May 19, 2011. For the reasons that follow, the motion is granted in part and denied in part.

**I.   Background and Procedural History**

This case arises from the May 13, 2007, crash of a military surplus OH-6A helicopter near Moulton, Alabama. The accident occurred as Plaintiff's decedent, John A. Scott, was returning home to Kansas after taking delivery of the helicopter, N468WE, from Lance Aviation in Florida. The main rotor blades, transmission and main rotor hub separated completely from the helicopter, resulting in the crash.

Lance Aviation, a fixed-base operator, had just completed three months of maintenance on N468WE when Mr. Scott took possession of the rotorcraft. Lance utilized the services of an independent contractor to perform a 100-hour inspection, where it was found that the main rotor hub did not pass. Lance sent the part to Triumph Gear Systems for overhaul, but ultimately installed a replacement hub out of its inventory. The main rotor retention strap assembly that is part of the hub failed.

It is undisputed that the hub installed on N468WE was not an original military hub because the strap pack assembly was not sold until 1993. Therefore the hub had to have been overhauled or repaired sometime between 1993 and Lance's purchase of the part. KSD, Inc. manufactured the strap pack.

Lance converted N468WE into a Hughes 369A helicopter in 2004. Defendant MD Helicopters, Inc. (MDHI) is the Type Certificate holder for model 369A. It is undisputed that neither MDHI nor Triumph overhauled the hub that was on N468WE at the time of the crash.

Scott filed suit in state court on April 9, 2009, against MDHI and several other defendants that are no longer

parties to this lawsuit. Her Second Amended Complaint, filed in this Court on September 7, 2010 (Doc. # 86) alleges three counts against MDHI.[1] Count V, Negligence, alleges MDHI breached its duty to provide instructions for continued airworthiness (Id. at ¶ 63). Count VIII, Strict Products Liability, alleges that components of the helicopter were defective and unreasonably dangerous when put to reasonably anticipated use. (Id. at ¶¶ 74-75). Count IX, Strict Liability based on Failure to Warn, alleges that Defendants knew their respective products were dangerous and failed to give adequate warning. (Id. at ¶¶ 81-82).

MDHI filed its Motion for Summary Judgment (Doc. # 118) on May 19, 2011. Scott filed her response on June 22, 2011 (Doc. # 134). MDHI filed a reply on July 1, 2011 (Doc. # 137). The motion is ripe for the Court's review.

## II. **Legal Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there

---

[1] Count I, Negligence against All Defendants, alleges that the Defendants breached a duty to provide N468WE in airworthy condition, with specifics set forth in later counts. (Doc. # 86 at ¶¶ 50-51).

is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. <u>Mize v. Jefferson City Bd. of Educ.</u>, 93 F.3d 739, 742 (11th Cir. 1996)(citing <u>Hairston v. Gainesville Sun Publ'g Co.</u>, 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. <u>Allen v. Tyson Foods, Inc.</u>, 121 F.3d 642, 646 (11th Cir. 1997).

The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. <u>Hickson Corp. v. N. Crossarm Co., Inc.</u>, 357 F.3d 1256, 1260 (11th Cir. 2004)(citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)). "When a moving party has

discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995)(quoting Celotex, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988)(citing Augusta Iron & Steel Works, Inc. v. Emp'rs Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)). However, if non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only

proper, but required. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981), cert. denied, 456 U.S. 1010 (1982).

### III. Analysis

MDHI asserts that summary judgment is appropriate as to all claims against it. In her response, Scott "concedes that Defendant MDHI is entitled to summary judgment regarding the Strict Products Liability claims. However, MDHI is not entitled to summary judgment regarding the Negligence claim asserted in Count V of the Second Amended Complaint." (Doc. # 134 at 8). The Court will therefore focus on that claim and MDHI's assertion of affirmative defenses.

#### A. Scott's Negligence Claim against MDHI

Scott argues that MDHI had a duty as the Type Certificate holder for the Hughes 369A helicopter to provide instructions for continued airworthiness (e.g. maintenance manuals) for the entire fleet. (Doc. # 134 at 8). Moreover, Scott asserts that Federal Aviation Regulations establish an ongoing duty for Type Certificate holders to provide updates to those instructions. (Id.) Scott alleges that MDHI's failure to meet those regulatory requirements constitutes negligence per se or evidence of negligence, and that the

-6-

issue of causation should be left to the trier of fact. (Id. at 10, 19).

### 1. MDHI's Duty to Provide Instructions for Continued Airworthiness

In support of her argument that MDHI owed a duty to provide instructions for continued airworthiness, Scott points to Title 14, Chapter 1, Part 27 of the Code of Federal Regulations. These regulations require that an applicant for Type Certificate "prepare Instructions for Continued Airworthiness in accordance with appendix A to this part that are acceptable to the Administrator." 14 C.F.R. § 27.1529. Appendix A states that "[t]he applicant must submit to the FAA a program to show how changes to the Instructions for Continued Airworthiness . . . will be distributed." 14 C.F.R. Part 27, Appendix A, § A27.1(c).

Scott's expert, Michael J. Dreikorn, opined that these requirements are "substantially similar" to those in place when the helicopter was manufactured. (Doc. # 134 at 10). Therefore, "MDHI was required to provide and maintain maintenance manuals." (Id.)

-7-

In its reply, MDHI asserts that Scott's "only purported evidence of negligence consists merely of an expert report that incorrectly interprets federal aviation regulations." (Doc. # 137 at 1). In its motion for summary judgment, MDHI contends – based upon the opinion of its expert – that no Federal Aviation Regulation requires Type Certificate holders to provide maintenance manuals for military surplus aircraft. (Doc. # 118 at 24).

FAA regulations suggest that Type Certificate holders have <u>some</u> duty to provide maintenance manuals. The regulations state, in pertinent part:

> The holder of a design approval, including either the type certificate or supplemental type certificate for an aircraft, aircraft engine, or propeller for which application was made after January 28, 1981, must furnish at least one set of complete Instructions for Continued Airworthiness to the owner of each type aircraft . . . upon its delivery, or upon issuance of the first standard airworthiness certificate . . . . The Instructions must be prepared in accordance with § . . . 27.1529 . . . . In addition, changes to the Instructions for Continued Airworthiness shall be made available to any person required by this chapter to comply with any of those instructions.

14 C.F.R. § 21.50. <u>See also</u> <u>Carolina Indus. Prods., Inc. v. Learjet, Inc.</u>, 189 F. Supp. 2d 1147, 1171 (D. Kan. 2001)

-8-

(noting that aircraft manufacturers have a duty to provide instructions for continued airworthiness). However, the duty depends, in part, upon factual circumstances – changes to the instructions. It is unclear if or when MDHI's instructions changed and, if so, how those changes were distributed.

Furthermore, it is disputed as to whether MDHI breached its regulatory duty. Scott contends that MDHI "<u>never</u> advised owners or operators . . . that they should only fly with Triumph overhauled hubs." (Doc. # 134 at 7). MDHI states that it "consistently issued service bulletins warning against overhaul of strap packs by <u>any</u> unauthorized personnel." (Doc. # 137 at 2). Thus, the Court finds that a genuine issue of material fact exists as to the extent of MDHI's regulatory duty to provide instructions for continued airworthiness, and whether MDHI breached that duty.

### 2. Negligence Per Se and Causation

Scott contends that MDHI's failure to comply with its regulatory duties constitutes negligence per se or evidence of negligence. (Doc. # 134 at 10). Under Florida law, negligence per se involves the violation of a statute that

-9-

"establishes a duty to take precautions to protect a particular class of persons from a particular injury or type of injury." deJesus v. Seaboard Coast Line R. Co., 281 So. 2d 198, 201 (Fla. 1973). A plaintiff must establish that he is of the class the statute was intended to protect, that he suffered the type of injury the statute was designed to prevent, and that the violation of the statute was the proximate cause of the injury. Id. "Violation of any other type of statute may be considered only as prima facie evidence of negligence." Id.

Scott argues that the negligence per se rule applies because FAA regulations are designed to protect pilots, passengers and those on the ground from the dangers of aircraft that are not airworthy. (Doc. # 134 at 12). In any event, she argues that violation of the regulation constitutes prima facie evidence of negligence. (Id.).

MDHI contends that even if Scott can establish a prima facie case for negligence, she cannot establish causation (Doc. # 118 at 20). Scott concedes that some unknown person or entity incorrectly installed the strap pack within the main rotor hub Lance installed on N468WE. This work was not

-10-

performed by an approved source. Scott further concedes that the maintenance performed prior to the crash was performed without approved manuals. MDHI's expert opines that, as a result, the maintenance necessarily violated FAA regulations. (Id. at 21). MDHI argues that these unauthorized and unlawful actions were not foreseeable and thus constitute superseding causes that break the chain of causation. (Id. at 20).

Scott counters that such actions were foreseeable and the result of MDHI's negligence. (Doc. # 134 at 19). Because MDHI did not issue instructions for continued airworthiness, Lance did not know the proper maintenance and inspection procedures. (Id.)

Neither argument is conclusive. Federal Aviation Regulations provide that persons performing aircraft maintenance should follow the practices prescribed in the instructions for continued airworthiness "or other methods, techniques, and practices acceptable to the Administrator." 14 C.F.R. § 43.13 (emphasis added). In other words, a maintenance manual "need not necessarily be used in

performing maintenance on the aircraft."[2] <u>Rogers v. Bell Helicopter Textron, Inc.</u>, 185 Cal. App. 4th 1403, 1411 (Cal. 3d DCA 201). Thus, the ill-fated maintenance performed on N468WE did not necessarily violate federal regulations or flow from MDHI's alleged negligence. However, "foreseeability is usually a question to be determined by the trier of fact." <u>E. Coast Elec. v. Dunn</u>, 979 So. 2d 1018, 1020 (Fla. 3d DCA 2008). Thus, the Court finds that whether the improper maintenance performed on N468WE constituted a foreseeable intervening cause that would cut off any potential liability is a question for the jury.

**B. <u>MDHI's Affirmative Defenses</u>**

MDHI asserts four affirmative defenses: the General Aviation Revitalization Act (GARA), Florida's twelve-year statute of repose, the general rule of non-liability for successor companies, and the government contractor defense. The Court will address each of these in turn.

**1. The General Aviation Revitalization Act**

MDHI argues that all of Scott's claims are barred by GARA, 49 U.S.C. § 40101. GARA creates an eighteen-year

---

[2] It does not appear that fact relieves Type Certificate holders of the duty to issue maintenance manuals.

statute of repose for all claims arising from accidents involving general aviation aircraft brought against the manufacturer. 49 U.S.C. § 40101, note § 2(a). GARA applies to successors, such as MDHI, that purchase aircraft product lines from the original manufacturer and hold Type Certificates. Burton v. Twin Commander Aircraft, LLC, 2011 WL 1314031 (Wash. Apr. 7, 2011); Burroughs v. Precision Airmotive Corp., 78 Cal. App. 4th 681, 692 (Cal. 6th DCA 2000). MDHI asserts that the statute of repose expired in 1986 with reference to model 369A. (Doc. # 118 at 10).

GARA does have a "rolling provision" that restarts the eighteen-year statute of repose for defects in any "new component, system, subassembly, or other part which replaced another component part . . which is alleged to have caused" the claimed injury. 49 U.S.C. § 40101 note, § 2(a)(2). MDHI contends that if the rolling provision applies to the failed strap pack, it would be relevant only as to the manufacturer of the strap pack. (Doc. # 118 at 10). At issue, however, is not the strap pack but a maintenance manual, which is not a "part" of the aircraft. Colgan Air, Inc., v. Raytheon Aircraft Co., 507 F.3d 270, 277 (4th Cir. 2007). It need not

be sold with, kept onboard or used to maintain the aircraft. Id. Because a maintenance manual is not a part, GARA does not bar claims involving maintenance manual defects. Rogers, 185 Cal. App. 4th at 1411.

MDHI contends that Scott's negligence claim does not involve a defective maintenance manual but rather the failure to issue one; MDHI equates it to a claim for "failure to warn," (Doc. # 118 at 12) which is barred by GARA. Lyon v. Agusta S.P.A., 252 F.3d 1078, 1084 (9th Cir. 2001). The Court finds, however, that Scott's claim does not neatly fit that category, in part because the claim focuses on FAA regulations. It does not follow that the FAA would require manufacturers to make available changes to maintenance manuals if failure to do so were protected by the statute of repose. The Court therefore finds that Scott's negligence claim is not barred by GARA.

### 2. Florida's Statute of Repose

MDHI asserts that Florida's twelve-year statute of repose, as it existed prior to its repeal in 1986, also bars Scott's claims. The statute stated in relevant part:

> Actions for products liability . . . must be begun . . . within 12 years after the date of delivery

-14-

>     of the completed product to its original purchaser
>     . . . regardless of the date the defect in the
>     product . . . was or should have been discovered.

Fla. Stat. § 95.031(2) (1975). The statute thus limits long-tail products liability with respect to design defects.

MDHI contends that the Florida statute bars claims alleging inadequate instructions, citing <u>Butchkosky v. Entrom Helicopter Corp.</u>, 855 F. Supp. 1251, 1257 (S.D. Fla. 1993). In <u>Butchkosky</u>, however, the claim involved maintenance manuals that failed to offer instructions for correcting a product design flaw. <u>Id.</u> The Court finds <u>Butchkosky</u> to be inapposite to Scott's claim that MDHI failed to provide instructions for continued airworthiness as required by the FAA. Thus, Florida's statute of repose does not bar this claim.[3]

### 3. No Successor Liability

MDHI argues that the general rule of non-liability for successor corporations also bars Scott's claim. (Doc. # 118 at 15). Although MDHI did agree to assume "causes of action

---

[3] Scott claims that MDHI is estopped from relying upon Florida law because MDHI stipulated to jurisdiction in Florida and to the dismissal of an action Scott filed in Arizona. (Doc. # 134 at 17). However, Plaintiff chose this forum and the laws of this forum apply. The Court is not aware of any relevant question regarding choice of law.

based on notices to customers, such as contained in maintenance manuals," MDHI argues that Scott's claim is based upon the absence of instructions. (Id. at 16).

A corporation that purchases the assets of another corporation does not succeed to the liabilities of its predecessor unless certain conditions are met. Bernard v. Kee Manuf. Co., Inc., 409 So. 2d 1047, 1049 (Fla. 1982). One of those conditions is that "the successor expressly or impliedly assumes the obligations of the predecessor." Id. That appears to be the case here. More significantly, the Court finds that this defense does not apply to any regulatory duty MDHI may have to issue instructions for continued airworthiness.

### 4. Government Contractor Defense

Finally, MDHI argues that Scott's claims are barred by the government contractor defense, which preempts state tort law where "unique federal interests" are implicated. (Doc. # 118 at 16). The government contractor defense includes three conditions as set forth in Boyle v. United Tech. Corp., 487 U.S. 500, 512 (1988): "(1) the United States approved reasonably precise specifications; (2) the equipment

-16-

conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." The defense extends to military surplus helicopters converted to civilian use. See e.g. <u>Skyline Air Svc., Inc. v. G.L. Capps Co.</u>, 916 F.2d 977, 978 (5th Cir. 1990) (finding the defense applicable to such a helicopter).

MDHI argues that the U.S. Army's control over the Hughes OH-6A extended to the maintenance instructions and hub strap pack inspection procedure. (Doc. # 118 at 17). Scott asserts that the defense does not alter the duties of a Type Certificate holder under FAA regulations. (Doc. # 134 at 19). The Court agrees and finds that the government contractor defense does not relieve any regulatory duty MDHI may have to provide instructions for continued airworthiness.

**IV. Conclusion**

As noted above, Scott concedes that MDHI is entitled to summary judgment as to the strict products liability claims against it. The Court grants summary judgment to that extent. However, the Court determines that a genuine issue

of material fact exists as to the extent of any regulatory duty MDHI may have to provide instructions for continued airworthiness, and whether MDHI breached that duty. Furthermore, it would invade the province of the jury for this Court to decide whether the improper maintenance performed on N468WE constituted a foreseeable intervening cause that cut off any potential liability. The affirmative defenses asserted by MDHI are inapplicable to the negligence claim. Therefore, summary judgment is not appropriate as to Count V of Scott's Second Amended Complaint.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

MDHI's motion for summary judgment (Doc. # 118) is **DENIED** as to Count V of Scott's Second Amended Complaint and **GRANTED** as to Counts VIII and IX.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 11th day of July 2011.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record