UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STACIA SCOTT, individually and
as Administrator of the Estate of
John A. Scott, deceased,

    Plaintiff,

v.                                         CASE NO: 8:09-cv-986-T-33TBM

MD HELICOPTERS, INC.,

    Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to the parties' Joint Motion for Reconsideration of Denial of Request to File Settlement under Seal, or in the Alternative to Withdraw Motion to Approve Settlement Agreement (Doc. # 213), filed on October 11, 2011. For the reasons that follow, the Court denies the Motion for Reconsideration and grants the Alternative Motion.

**Analysis**

The parties in this case have reached a settlement and court approval of the settlement is required because it involves the claims of a minor. Fla. Stat. § 744.387. On October 5, 2011, the parties filed a Joint Motion to File under Seal Confidential Settlement Agreement and to Approve

Wrongful Death Settlement Involving Minor (Doc. # 210). The Court denied the motion on October 6, 2011 (Doc. # 212) because the parties did not demonstrate good cause to support their motion to file the settlement agreement under seal.

"[I]n the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999). "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). Although the parties now assert stronger arguments supporting their motion to file the settlement agreement under seal, the Court denies the Motion for Reconsideration.

Instead, the Court grants the parties' alternative motion to withdraw their motion for this Court's approval of the confidential settlement agreement. The Honorable William P. Mahoney of the District Court of Wyandotte County, Kansas, which has jurisdiction over the probate of decedent John Scott, has reviewed and approved the settlement. (Doc. # 213-2). The approval by another state's court of a settlement

agreement involving a minor child is entitled to full faith and credit if it is "valid and final and consistent with statutory and case law in the state where rendered." <u>Weiss v. Weiss</u>, 973 So. 2d 1247, 1250 (Fla. 2d DCA 2008). A Florida court must therefore give full faith and credit to valid provisions of a settlement agreement that is not subject to modification by the courts of the other state. <u>Berger v. Hollander</u>, 391 So. 2d 716, 718 (Fla. 2d DCA 1980).

The Court finds that the Kansas court's approval of the settlement agreement in this matter is entitled to full faith and credit and therefore grants the parties' alternative motion to withdraw their motion for this Court's approval of the settlement agreement.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

(1) The parties' Joint Motion for Reconsideration of Denial of Request to File Settlement under Seal is **DENIED**.

(2) The parties' Alternative Motion to Withdraw Motion to Approve Settlement Agreement is **GRANTED**.

(3) The parties are directed to file a stipulation of dismissal with prejudice within five days of the date of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>14th</u> day of October, 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record

4